IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 18-41997 |
| | § | |
| FEYSAL AYATI-GHAFFARI, | § | (Chapter 13) |
| | § | |
| DEBTOR | § | |
| | § | |

## JPMORGAN CHASE BANK, N.A.'S RESPONSE TO OBJECTION TO CLAIM

JPMorgan Chase Bank, N.A. ("Chase") files this Response ("Response") to the Debtor's Objection ("Objection") to Proof of Claim as follows:

## I.
## SPECIFIC RESPONSES

1. Paragraph 1 of the Objection is the negative notice language required by Local Rule 3007-1(b) which contains no factual allegations and does not require a response.

2. Chase admits the statements contained in paragraph 2 of the Objection.

3. Chase admits the statements contained in paragraph 3 of the Objection.

4. Paragraph 4 of the Objection consists of legal argument and conclusion and no factual assertion that requires a response. Nonetheless, Chase denies that it is not entitled to enforce the Note, denies all statements not expressly admitted herein and denies the Debtor is entitled to the requested relief. The Debtor's legal argument is addressed more fully below.

5. The first and last sentences of paragraph 5 of the Objection are legal argument and conclusion which are denied. The Debtor's legal arguments and conclusions are addressed further below. The remainder of paragraph 5 of the Objection recites the documents attached to Chase's Proof of Claim that evidence its right to enforce the Note. Chase admits its Proof of Claim includes a copy of the original Note, which is endorsed by the originator, Freedom Mortgage Company.

Chase further admits the Proof of Claim includes an assignment of the Deed of Trust from Mortgage Electronic Systems Inc. as Nominee for Freedom Mortgage Corporation to Chase dated March 25, 2014. Chase also admits the Proof of Claim includes an affidavit of Vice President Jana Whitman as Custodian of records for Chase dated March 4, 2014 attesting that the original Note was in Chase's possession and then lost and cannot be recovered, but was not canceled or transferred to any other party. Chase denies all statements not expressly admitted herein and denies the Debtor is entitled to the requested relief.

6. Chase admits that a release of lien was filed with the County Clerk for Collin County on March 3, 2013 associated with the property in question; however, as is discussed more fully below, that release of lien was rescinded, and the lien reinstated by order of the Court of the 417th Judicial District in Collin County on February 28, 2017. A true and correct copy of the Final Summary Judgment Order reinstating the Deed of Trust is in the public record and a copy is attached hereto as Exhibit "A".

## II.
## ARGUMENT

**A. Chase's Proof of Claim is prima facie valid**.

A proof of claim that is filed in accordance with Bankruptcy Rule 3001 and the Official Form constitutes "prima facie evidence of the validity and amount of the claim." *In re Eads*, 417 B.R. 728, 747 (Bankr. E.D. Tex. 2009) (quoting Fed. R. Bankr. P. 3001(f)). For claims based upon a writing, such as Chase's claim here, Bankruptcy Rule 3001(c) requires the claimant "attach the original or duplicate of that writing to the proof of claim unless it has been lost or destroyed, in which case a statement of the circumstances of the loss must be filed with the claim." *Id*. (citing Fed. R. Bankr. P. 3001(c)).

Chase's Proof of Claim relates to a loan obtained on or about November 3, 2008 through a Note executed by the Debtor in the original principal amount of $163,000 (the "Note"). The Note was secured by a Deed of Trust (the "Deed of Trust") executed by the Debtor and his spouse, Irana Haghnazari ("Haghnazari"), encumbering property located at 4508 Lone Grove Ln, Plano, Texas 75093 (the "Property"). The Deed of Trust was recorded in the Official Public Records of Collin County, Texas on or about November 19, 2008. (The Note and the Deed of Trust are collectively referred to as the "2008 Loan"). See Proof of Claim No. 2-1.

The Debtor does not contest that Chase's Proof of Claim was submitted on the Official Form and meets all the requirements under Bankruptcy Rule 3001(c)(2) for consumer bankruptcy cases where there is a security interest claimed against the debtor's principal residence. Fed. R. Bankr. P. 3001(c)(2). Furthermore, as the Objection itself points out, Chase's Proof of Claim attaches a copy of the Note, Deed of Trust, assignment of the Deed of Trust to Chase, and an affidavit explaining that the original Note was in Chase's possession but was lost and has not been cancelled or transferred. Therefore, the Proof of Claim also meets the requirements for claims based upon a writing under Rule 3001(c)(1) and (d).

The affidavit of Jana Whitman attached to the Proof of Claim (the "Lost Note Affidavit") is also in compliance with the requirements of the Texas Business and Commerce Code ("TXBCC") Section 3.309 for enforcing an instrument where there has been a loss of possession. Tex. Bus. & Com. Code § 3.309(a). Under Texas law, persons entitled to enforce an instrument, such as a promissory note, include: "(i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3.309 or 3.418(d)." Tex. Bus. & Com. Code § 3.301. Section 3.309 authorizes enforcement of a lost instrument if the person seeking

enforcement shows: (1) the person "was entitled to enforce the instrument when loss of possession occurred; ... (2) the loss of possession was not the result of a transfer by such person or a lawful seizure; and (3) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process." Tex. Bus. & Com. Code § 3.309(a).

The copy of the Note attached to the Lost Note Affidavit demonstrates that it was endorsed in blank by the originating lender, Freedom Mortgage Corporation, and transferred to Chase. As a result, but for the Note having been lost, Chase would qualify as a holder of the Note entitled to enforce it under TXBCC Sections 3.301(i) and 3.109(c). See, *In re Davis*, 2013 WL 3196369, at *2 (Bankr. N.D. Tex. 2013) ("A person is a holder of a note if he is in possession of the note, and the note is payable to bearer … [a] note is payable to bearer if it is indorsed in blank.") (citing Tex. Bus. & Com. Code §§ 1.201(b)(21)(A), 3.301, and 3.109(c)). The Lost Note Affidavit attests that the Note was stored and maintained by Chase's agent, JPMorgan Chase Custody Services, Inc., in a vault in Monroe, Louisiana and that, upon a search in such records, the hard copy file in which the Note was maintained was located, and other documents pertaining to the 2008 Loan found inside, but the Note itself was not able to be found. See Proof of Claim 2-1 pg. 10-15.

The Lost Note Affidavit further attests that the loss of possession of the Note is not the result of the note being canceled or transferred to another party and that a copy of the original Note is attached to the affidavit. Id. Accordingly, the Lost Note Affidavit establishes that Chase is entitled to enforce the Note. The assignment of the Deed of Trust attached to the Proof of Claim establishes that Chase is entitled to enforce the Deed of Trust. Again, with these documents having

been submitted with the Proof of Claim and the Proof of Claim meeting all other requirements, it is prima facie valid.

As discussed further below, the Debtor has presented no controverting evidence to the Lost Note Affidavit. Determining the right to enforce an instrument on the basis of affidavit evidence, even in the circumstance of a lost instrument, is standard practice and summary judgment in favor of the party seeking to enforce is proper when no controverting evidence is presented. *See, e.g., Bean v. Bluebonnet Sav. Bank FSB*, 884 S.W.2d 520, S.W.2d 522 (Tex. App.—Dallas 1994) ("Absent controverting evidence, affidavit testimony together with a true and correct copy of a note proves ownership for summary judgment purposes." (citing *Zarges v. Bevan,* 652 S.W.2d 368, 369 (Tex.1983); see also, *Cha v. Branch Banking and Trust Company*, 2015 WL 5013700, at *2 (Tex. App.—Dallas, 2015); *Skelton v. Urban Trust Bank*, 516 B.R. 396, 406 (N.D. Tex. 2014); *Graf v. Sheffield Capital Corp.*, 2001 WL 328676, at *3 (Tex. App.—Dallas 2001).

**B.  The Objection fails to rebut the prima facie validity of Chase's Proof of Claim**.

Rule 3001(f) of the Bankruptcy Rules "permits the proof of claim itself to act like a verified complaint and have an independent evidentiary effect in a hearing on an objection to the claim." *Eads*, 417 B.R. at 747. (internal citations omitted). As a result, Chase must prevail on the Objection "unless the objecting party produces evidence at least equal in probative force to that offered by the proof of claim and which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *Id*. (internal citations omitted). First, the Objection produces no evidence other than the Proof of Claim to which it objects. The so-called "Declaration" of the Debtor attached to the Objection is not admissible as evidence because it is not a sworn affidavit and does not qualify as a substitute for an affidavit under 28 U.S.C. § 1746

since it does not state that it is made "under penalty of perjury that the foregoing is true and correct." In this regard, the Objection also fails to comply with Local Rule 3007-1(a)(2).

Nevertheless, even if the "Declaration" had been made under penalty of perjury, it still fails to shift the burden of going forward with evidence to Chase because it merely contains conclusory assertions with no factual support. The only assertions contained in the "Declaration" in response to Chase's Proof of Claim are (a) that "[t]he arrears amount described in the attached proof of claim as Exhibit 1 filed by JPMorgan Chase Bank is incorrect" and (b) that Chase "cannot prove that it is entitled to enforce the mortgage agreement by presenting a signed original copy of the mortgage note or an unbroken chain of title evidencing its possession of the mortgage note and therefore has no interest, secured or otherwise, in the real property made the subject of its claim." Dkt No. 29-3, para. 3.

The Debtor cannot rebut the prima facie validity of the amount of Chase's claim by merely stating it is "incorrect." *In re White*, 168 B.R. 825, 829 (Bankr. D. Conn. 1994) (mere allegation that full amount of claim is not owed is insufficient to rebut *prima facie* validity of claim); *In re Pan*, 209 B.R. 152 (D. Mass 1997) (same); *In re Hollars*, 198 B.R. 270 (Bankr. S.D. Ohio 1996) (conclusory statements are insufficient to rebut assumption of validity of claim); *In re all American Ashburn, Inc.*, 156 B.R. 696, 703 (Bankr. N.D. Ga. 1993) (general statement that an amount is not owed is insufficient to defeat prima facie validity of a claim). The same is true for the Debtor's conclusory statement regarding the Note, which is essentially no more than legal argument. Indeed, contrary to the Debtor's bald assertion otherwise, the Proof of Claim in fact does present a signed original copy of the mortgage note. The copy of the Note endorsed in blank and Lost Note Affidavit together further establish that Chase was the holder of the Note and entitled to enforce it when it was lost.

The body of the Objection contains additional assertions that are merely conclusory and fail to rebut the presumption in Chase's favor. Paragraph 5 of the Objection claims the sworn statements contained in the Proof of Claim are "materially false" and makes the unreasonable leap that Chase could not have been in possession of the Note prior to the time of the execution of the Lost Note Affidavit on March 4, 2014 because the assignment of the Deed of Trust was not executed until March 25, 2014. Even ignoring the content of the Lost Note Affidavit and looking only at the dates of execution of the two documents, it is at least as reasonable to conclude that the assignment of the Deed of Trust was simply executed after Chase took possession of the Note, which the Lost Note Affidavit implies.

It is also reasonable to conclude that the timing of the execution of the assignment of the Deed of Trust was triggered by the loss of the Note. Indeed, since Chase was entitled to enforce the Note as a holder prior to it being lost (and thereafter as well as explained above), the assignment of the Deed of Trust was not legally necessary to collect on the debt or to foreclose on the Property. See, *Davis*, 2013 WL 3196369 at *2 (citing *JWD, Inc. v. Fed. Ins. Co.,* 806 S.W.2d 327, 329–30 (Tex. App.—Austin 1991, no writ)). Nevertheless, it would make practical sense to ensure an assignment of the Deed of Trust is executed once it is discovered the Note has been lost because, with the assignment of the Deed of Trust, Chase's standing to foreclose against the Property was established even without Chase demonstrating that it owns or holds the note. *Priester v. Long Beach Mortgage Co.*, 4:16-CV-00449, 2018 WL 1081248, at *3 (E.D. Tex. Feb. 28, 2018), on reconsideration in part, 4:16-CV-449, 2018 WL 4469679 (E.D. Tex. Sept. 18, 2018).

In paragraph 6 of the Objection, the Debtor raises the argument that the Deed of Trust was released in 2013, which is even more specious because it ignores years of litigation initiated by the Debtor relating to the 2008 Loan that culminated in final summary judgment being granted in

favor of Chase on February 28, 2017 that that 2013 release of lien was recorded as the result of a mistake (the "Final Summary Judgment"). See Ex. A. That Final Summary Judgment, entered by the 417th Judicial District Court in Collin County Texas in cause number 417-03108-2013 (the "2013 Lawsuit"), rescinded the release of lien and ordered that the Deed of Trust from the 2008 Loan is not released and remains in full force and effect. The Final Summary Judgment was subsequently affirmed on appeal by the Dallas Court of Appeals, and a petition to further appeal to the Texas Supreme Court by the Debtor was denied. *Ayati-Ghaffari v. JPMorgan Chase Bank, Nat'l Ass'n*, 05-17-00482-CV, 2018 WL 1602528 (Tex. App.—Dallas Apr. 3, 2018, pet. denied).

Again, the testimony in the Lost Note Affidavit and the facts evidenced by the documents attached to Chase's Proof of Claim meet the requirements for prima facie validity; and, all such facts are uncontroverted by the Debtor's bald assertions. The release of the Deed of Trust was rescinded and the Deed of Trust reinstated in full force and effect by a final, binding judgment. As a result, the Objection should be overruled.

### C. The Debtor's Objection is just the latest in a series of unfounded attempts to re-litigate the 2013 Lawsuit.

The most pertinent facts upon which the Final Summary Judgment was granted are set forth in succinct fashion in the Dallas Court of Appeals opinion. In 2013, the Debtor sought to refinance the 2008 Loan by obtaining a new loan (the "2013 Refinance"). *Ayati-Ghaffari*, 2018 WL 1602528 at *1. A closing for the 2013 Refinance occurred, at which time various documents relating to the 2013 Refinance were executed. However, the Debtor's spouse, Haghnazari, did not sign a notice of right to cancel. *Id*. Based on the mistaken understanding that all necessary documents had been executed at the closing for the 2013 Refinance, a Release of Lien (the Release of Lien) was recorded in the Collin County in 2013, purporting to release the Deed of Trust associated with the 2008 Loan. *Id*. However, because Haghnazari did not sign the notice of right

to cancel at closing and did not subsequently sign such document as requested by Chase, the 2013 Refinance was treated as a "did not close" loan and was not funded such that no deed of trust related to the 2013 Refinance was recorded. *Id*.

On or about September 10, 2013, a rescission of the Release of Lien was recorded in Collin County, Texas. See, *id*. The rescission gave notice that the Release of Lien was executed in error and was withdrawn, cancelled and declared of no force or effect, such that the lien created by the Deed of Trust from the 2008 Loan continued to encumber the Property. Nevertheless, since the 2013 Loan did not fund, the 2008 Loan and Note remains unpaid and Chase has not received any payments on the 2008 Loan since April 1, 2013. *Id*.

By filing the 2013 Lawsuit, the Debtor sought to enforce the mistaken Release of Lien, sued to quiet title as to Chase, and recover damages. See, *id*., and Ex. A. In doing so, the Debtor asserted in the 2013 Lawsuit that Chase had not shown that it "owned the mortgage." (See below). Chase's counterclaim seeking a declaration that the Release of the 2008 Lien had been filed as a result of a mistake and that the 2008 Lien accordingly remained in full force and effect was granted, as explained above, and all of the Debtor's claims against Chase were denied with prejudice. See Ex. A.

Before filing this Bankruptcy Case and obtaining the protection of the automatic stay, the Debtor filed an additional, separate lawsuit to that of the 2013 Lawsuit against Chase in Collin County on June 6, 2018, which was removed by Chase to the Federal District Court for the Eastern District of Texas and which is still pending under case number 4:18-cv-00483 ("2018 Lawsuit").[1]

---

[1] Also of note is that, before the Final Summary Judgment was granted, the Debtor removed the 2013 Lawsuit to Federal District Court for the Eastern District of Texas initiating case number 4:15-cv-00248 (the "First Removal"). That case was remanded and then the Debtor appealed the remand to the Fifth Circuit and the appeal was dismissed under Case No. 15-40701. After the Final Summary Judgment was granted and then affirmed by the Dallas Court of Appeals and further appeals were denied by the Texas Supreme Court, the Debtor filed another notice of removal purporting to remove the 2013 Lawsuit again to Federal District Court for the Eastern District of Texas, which

In the 2018 Lawsuit, the Debtor sought a preliminary injunction to prevent Chase from conducting foreclosure on the Property, which the Magistrate Judge recommended be denied by Report issued on August 31, 2018. That Report was adopted by the District Court on September 4, 2018, the day the Debtor initiated this Bankruptcy Case. A true and correct copy of the District Court's Memorandum Opinion denying the Debtor's request for an injunction is attached hereto as Exhibit "B" ("Memorandum Opinion").

In the Memorandum Opinion, Judge Mazzant quoted from the Magistrate's Report recommending the injunction request be denied as follows:

> ***in the prior state court matter, the Court addressed the merits and subsequently dismissed nearly identical allegations and claims as those currently before the Court; namely, Plaintiff's allegations that (1) Defendant lacked the ability to enforce the 2008 Deed of Trust because Defendant has not shown proof "in court that it owns the mortgage and has the Right to foreclose on it"*** and that Defendant "failed to provide the 2/19/2013 closing services for which plaintiff contracted by failing to continue the rest of the 30 years Mortgage agreement" [Dkt. 1-4 at 3, Defendant's Exhibits 6, 7], and (2) Defendant may not foreclose on the Property because "Plaintiff paid Jury fees on 12/9/2013 and jury verdict is not against him, he has 2007 Superior-Title and request that the court declare void the interest of the other party as it is invalid" [Dkt. 1-4 at 2, Defendant's Exhibits 6, 7]. ***Also notable, at Hearing, Plaintiff seemingly conceded that the claims at issue are identical claims to those asserted in the First Lawsuit; stating under oath that any time he received a foreclosure notice he was going to "run" to the Court and that both the prior suit and the instant suit involved "one house, one issue, one party***.

Memorandum Opinion, at 4 (emphasis added).

Following the above quote, Judge Mazzant took note again that the Debtor "continues to reiterate his belief that [Chase] is not the owner of the mortgage … Plaintiff also claims that he is not in default, but he offers no evidence of such fact." *Id*. Judge Mazzant continues by explaining that Chase proffered evidence at such hearing "reflecting Plaintiff's last payment was made in

---

initiated case number 4:18-cv-00617 (the "Second Removal"). Chase again filed a Motion to Remand, which was granted with the Magistrate Judge's Report and Recommendations adopted on December 20, 2018.

2013." *Id*. Following this, the Judge stated "upon independent review, the Court finds that the elements of res judicata have been met and these arguments are barred." *Id*.

"The test for res judicata has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).

"Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Id.* The doctrine of res judicata "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *United States v. Davenport*, 484 F.3d 321, 325-26 (5th Cir. 2007). "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Houston Prof'l Towing Ass'n v. City of Houston*, 812 F.3d 443, 447 (5th Cir. 2016).

This rationale was just reiterated in a February 10, 2019 Report and Recommendation (Doc. 93) in which Magistrate Judge Nowak recommended dismissing the 2018 Lawsuit because (1) the Debtor's claims are barred by res judicata, (2) Chase established its standing to foreclose, and (3) the Debtor's quiet title claims fail because he no longer owns the property, among other things. A true and correct copy of the February 10, 2019 Report and Recommendation (Doc. 93) in the 2018 Lawsuit recommending that Chase's Motion to Dismiss be granted is attached hereto as Exhibit "C" ("February 10 Report").

The Debtor's Objection here asserts the same claims, that Chase cannot enforce the mortgage and that there is no default, or that the claimed default is incorrect, that he asserted in the 2013 Lawsuit and that he raised and were heard at the injunction hearing in the 2018 Lawsuit. Furthermore, even if Debtor's argument in support of the Objection here is not the same exactly as it was previously presented, because the arguments or claims nevertheless arise out of the same transactions as the claims in the 2013 and 2018 lawsuits, those transactions being the 2008 Loan and the attempted 2013 Refinance of the 2008 Loan, the Objection should also be subject to res judicata and overruled.[2]

Indeed, in the February 10 Report, the Magistrate relies upon the transactional test when determining that "Plaintiff's claims in the instant lawsuit were, or could have been, asserted in the 2013 State Court Action and are barred by res judicata." February 10 Report, pg. 13. Specifically, Magistrate Judge Nowak states:

> "[c]omparing the claims and allegations presented in the 2013 State Court Action and those presented in the instant suit, it is apparent that both suits involve the same nucleus of operative facts, as in both cases, Plaintiff challenges the ability of Defendant to foreclose under the 2008 Deed of Trust and raises breach of contract and quiet title claims on this basis." Id., pg. 12.

Elsewhere, Judge Nowak finds, although the prior suit was resolved by the state court concluding "the 2008 Loan remained in effect … Nevertheless, Plaintiff variously continues to demand that Defendant show that it is the owner of the 2008 and 2013 Loans." Id., pg. 15-16. The same pattern is continued here with the Objection, although the Final Summary Judgment concluded that the 2008 Loan was in effect and enforceable by Chase, the Debtor continues to

---

[2] With respect to the current status of the 2018 Lawsuit, it does not appear to be stayed by this Bankruptcy Case and the Debtor has been very actively participating in it, repeatedly filing motions. As noted above, Chase filed a Motion to Dismiss the 2018 Lawsuit and a Report and Recommendation was issued on February 10, 2019 recommending that such motion be granted. The District Court has also entered a scheduling order requiring the parties mediate the lawsuit by May 22, 2019 and setting a Final Pretrial Conference for July 3, 2019.

assert that Chase lacks standing to enforce it as a result of the circumstances surrounding the interaction between the 2008 Loan and the attempted 2013 Refinance that was not completed. The Court should not entertain the Debtor's continued attacks on the 2008 Loan on the same grounds that were or could have been raised in previous litigation that is resolved by final, non-appealable judgment and instead move on to whether the Debtor can show that he can confirm a feasible Chapter 13 Plan to address the 2008 Loan and the arrears asserted in Chase's Proof of Claim.

WHEREFORE, Chase requests the Court overrule, or alternatively dismiss, the Debtor's Objection to Chase's Proof of Claim No. 2-1 in the above referenced bankruptcy case and that Chase be granted such other relief to which it may be justly entitled.

Respectfully submitted,

QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Telecopy)

By: */s/ Timothy A. York*
    Wm. Lance Lewis
    State Bar No. 12314560
    Timothy A. York
    State Bar No. 24035719

ATTORNEYS FOR JPMORGAN CHASE BANK, N.A.

# CERTIFICATE OF SERVICE

       This is to certify that a true and correct copy of the foregoing document has been served via the Court's ECF notification system upon all parties receiving such notice and by first class mail to the parties listed below on February 13, 2019.

Feysal Ayati-Ghaffari
2301 All Saints Ln.
Plano, TX 75025

US Trustee
Office of the U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702

Chapter 13 Trustee
Carey D. Ebert
P. O. Box 941166
Plano, TX 75094-1166

Justin Harriss King
860 Airport Freeway, Suite 401
Hurst, TX 76054

Weldon Reed Allmand
Allmand Law Firm, PLLC
860 Airport Freeway, Suite 401
Hurst, TX 76054

                                                */s/ Timothy A. York*
                                                Timothy A. York